IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONEY MAHONEY,
ADC #139513                                                                              PLAINTIFF

V.                    CASE NO. 4:17-CV-00280 SWW/BD

HURD and LOPEZ                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Discussion**

Anthoney Mahoney, an inmate at the Lonoke County Detention Facility, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Mahoney alleges that, on April 15, 2017, Defendant Hurd made vulgar, sexual comments over the intercom to him, as well as to other inmates. While the conduct described is grossly offensive and unprofessional, the law is well-settled that "sexual harassment,

absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218, *1 (8th Cir. 2000) (unpub. per curiam). See also *Seltzer–Bey v. Delo,* 66 F.3d 961, 962–63 (8th Cir. 1995) (a prison guard's sexual comments coupled with daily strip searches and rubbing of the prisoner's buttocks with his night stick implicated the Eighth Amendment); and *Watson v. Jones,* 980 F.2d 1165, 1165–66 (8th Cir.1992) (guards daily pat-down searches, tickling, and deliberately examining genital area implicated the Eighth Amendment). Mr. Mahoney has failed to state a constitutional claim against Defendant Hurd.

Mr. Mahoney also alleges that Defendant Lopez did not respond to his grievances. Again, this conduct fails to rise to a constitutional level. The law is settled that inmates do not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

### III.    Conclusion

The Court recommends that Mr. Mahoney's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim. The Court also recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 31st day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE